Michael Peffer (SBN: 192265)
**PACIFIC JUSTICE INSTITUTE**
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email: michaelpeffer@pji.org

Attorneys for Plaintiff, RICK LUNDGREN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK LUNDGREN, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>IVY ACADEMIA; ALTERNATIVE SCHOOLS, INC., et al; VICKORY STEINMAN, Vice President; and DOES 1 to 100, inclusive<br><br>        Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>**(DEMAND FOR JURY TRIAL)** |

## INTRODUCTION

Plaintiff, Rick Lundgren, brings this action against Ivy Academia Entrepreneurial Charter School and Alternative Schools, Inc. (Ivy Academia), a privately held corporation. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.) and the California Fair Employment and Housing Act (Cal. Govt. Code 12900 et seq.), and the common law tort of Wrongful Termination in Violation of Public Policy.

The gravamen of this Complaint is that the DEFENDANTS refused to accommodate, retaliated against, otherwise discriminated against, and subsequently terminated Plaintiff because

- 1 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

he asked for accommodation to his religious beliefs. DEFENDANTS knew or should have reasonably known that Mr. Lundgren held religious beliefs because he asserted them. DEFENDANTS nevertheless failed to accommodate and terminated an employee in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

1.      This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation of Public Policy.

2.      Venue is proper in the Central District of California under 42 U.S.C. § 2000e-5(f)(3), in that the DEFENDANTS maintains significant operations within the Central District of California. The location of the company whose the alleged unlawful employment practices took place is within the Central District of California. This case is appropriate for assignment to the Los Angeles Division. The DEFENDANTS maintains significant operations in Los Angeles County, and the situs of the alleged unlawful employment practices took place at the Defendants' Los Angeles company location.

## PARTIES

### PLAINTIFF

3.      At all times relevant herein, Rick Lundgren was an employee of Ivy Academia, and worked his final position as a Paraeducator working with special needs children at the Ivy Academia, located in Woodland Hills, CA.  Mr. Lundgren resided in Los Angeles County at the time of his employment with the DEFENDANTS. On September 09, 2022, Mr. Lundgren obtained a "Right to Sue" letter from the U.S. Equal Employment Opportunity Commission (EEOC).  Mr. Lundgren's letter from the EEOC serves as "Exhibit One" to this Complaint.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

**DEFENDANTS**

4.      Upon information and belief, Ivy Academia Entrepreneurial Charter School and Alternative Schools, Inc., are privately held charter school companies operating in Woodland Hills, California, and within Los Angeles County, California. Vickory Steinman, is the Vice President. At the time of the events that gave rise to this Complaint, Ivy Academia employed Plaintiff as a Paraeducator working with special needs children at the Woodland Hills location.

**STATEMENT OF FACTS**

5.      Mr. Lundgren was employed with Ivy Academia, from 8/2019 to 10/30/2021. He held a Paraeducator's position with DEFENDANTS.

6.      Mr. Lundgren is a follower of the Christian faith.

7.      Mr. Lundgren believes that his body belongs to God and is a temple of the Holy Spirit.

8.      Mr. Lundgren believes that innocent life is sacred to God, from conception, to birth, and to natural death.

9.      It is Mr. Lundgren's understanding the manufacturers of the COVID-19 vaccine has used aborted fetus in the development of the vaccine and this is offensive to his Christian faith.

10.      Mr. Lundgren believes that it is against his religion to ingest or inject his body with manipulated genetic coding in the form of DNA taken from the lifeblood of animals.

11.      Toward the end of September 2021, Mr. Lundgren's employer at the time for which this Complaint is Ivy Academia notified its employees that Ivy Academia would be implementing a mandatory COVID-19 vaccine policy with an employee-compliance deadline by October 30, 2021.

12.      On October 7, 2021, Mr. Lundgren spoke again with Ivy Academia administrators Mr. Herzog and Ms. Steinman what would constitute an acceptable means of submitting a religious exemption due to Mr. Lundgren's religious beliefs.

13.      On October 11, 2021, Mr. Lundgren attempted to submit his written letter for

religious exemption but the religious exemption letter was refused by Ivy Academia administration. Instead of receiving Mr. Lundgren's letter requesting a religious exemption which is permitted by CDC, CDPH, and the Ivy Academia policy, Ivy Academia administration verbally instructed Mr. Lundgren that his accommodations would be the possibility of a voluntary resignation on his part or be placed on unpaid leave. Mr. Lundgren's Religious Exemption letter serves as "Exhibit Two" to this Complaint.

14.     Ivy Academia's COVID-19 vaccine policy states that Ivy Academia follows the CDC and California Department of Public Health (CDPH) policies and guidelines (Policy 3, 4). The CDC and CDPH guidelines both grant exemptions for religious exemptions, weekly testing of the unvaccinated, and the use of facemask as an alternative to receiving the COVID-19 vaccine.

15.     Ivy Academia, by and through its agent Vickory Steinman, was egregiously prejudicial against Mr. Lundgren when it failed to follow the guidelines it claims to follow and which it put in writing to its employees. Ivy Academia further failed when it did not honor Mr. Lundgren's religious exemption and refused to offer him weekly testing and the use of facemask as an alternative to receiving the COVID-19 vaccine.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]
Termination and Retaliation based on Religion Against Defendants**

1.     PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

2.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or his employees or applicants for employment in any way which would deprive or tend to deprive any individual

of employment opportunities or otherwise deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or his status as an employee, because of such individual's race, color, religion, sex, or national origin.

3.      Mr. Lundgren was always relevant herein an employee and applicant covered by U.S.C. § 2000e et seq.

26.      Mr. Lundgren held a deeply sincere religious objection to receiving the COVID-19 vaccine injection.

27.      Mr. Lundgren's accommodation was denied.

28.      Ivy Academia did not attempt to and refused to accommodate Mr. Lundgren with any of the recommended accommodations they provided in Ivy Academia's COVID-19 Policy from September 2021.

29.      Therefore, Mr. Lundgren's religious beliefs and practices were a motivating factor in his termination.

30.      PLAINTIFF suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

31.      Ivy Academia intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

32.      Mr. Lundgren is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that DEFENDANTS violated his rights under Title VII, and an injunction preventing DEFENDANTS from enforcing its discriminatory policies.

33.      Mr. Lundgren is entitled to further relief as set forth below in his Prayer for Relief.

**SECOND CAUSE OF ACTION**

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Failure to Provide Religious Accommodation Against Defendants**

VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]

34.     PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

35.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

36.      Mr. Lundgrens suffered significant damages because of DEFENDANTS' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

37.     DEFENDANTS intentionally violated Mr. Lundgren's rights under Title VII with malice or reckless indifference.

38.     PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that DEFENDANTS violated his rights under Title VII, and an injunction preventing DEFENDANTS from enforcing its discriminatory policies.

39.     PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

## THIRD CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Discrimination and Retaliation based on Religious Creed Against Defendants**

40.     PLAINTIFF hereby incorporates a realleges the preceding paragraphs as though fully set forth herein.

41.     Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of employee's religious creed.

42.      Mr. Lundgren was at all times relevant herein an employee for purposes of FEHA.

43.     PLAINTIFF was always relevant herein a member of a protected religious class.

44.     DEFENDANTS was always relevant herein an employee for purposes of FEHA.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

45.     FEHA broadly defines religious cred to include all aspects of observance and practice.

46.     DEFENDANTS intentionally discriminates against Mr. Lundgren by making an adverse employment decision against his by terminating his employment after 2 ¼ years of service.

47.     DEFENDANTS demonstrated discriminatory animus toward PLAINTIFF by terminating his employment and showing callous indifference toward his sincere religious beliefs. DEFENDANTS subsequently terminated PLAINTIFF without explanation or providing any alternative after PLAINTIFF'S request for religious accommodation. DEFENDANTS terminated PLAINTIFF'S employment because of his religious creed. DEFENDANTS discriminated against the PLAINTIFF based on his religious beliefs.

48.     Mr. Lundgren suffered damages because of DEFENDANTS' unlawful discriminatory actions, including the emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

49.     DEFENDANTS intentionally violated Mr. Lundgren's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

50.     PLAINTIFF is entitled to such other and further relief as more fully set forth below in his Prayer for Relief.

## FOURTH CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Failure to Provide Religious Accommodations Against Defendants**

51.     PLAINTIFF hereby incorporates and alleges the preceding paragraphs as though fully set forth herein.

52.     Under FEHA, it is an unlawful employment practice for an employer to terminate a person's employment because of a conflict between the person's religious beliefs or observance and any employment requirement, unless the employer demonstrates that is has explored all reasonable means of accommodation of the religious beliefs or observances.

53.     PLAINTIFF was a person and an employee of DEFENDANTS within the

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

meaning of FEHA.

54.    DEFENDANTS was always relevant herein employer of PLAINTIFF for purposes of FEHA.

55.    PLAINTIFF is a devout believer in Christianity. DEFENDANTS were aware of PLAINTIFF'S sincerely held religious beliefs.

56.    PLAINTIFF holds strong beliefs based on his understanding of the teachings of Christianity, which prohibits Mr. Lundgren from utilizing vaccines made from fetal tissues or anything harmful to his body which he considers a temple of the Holy Spirit.

57.    PLAINTIFF requested an accommodation from DEFENDANTS. DEFENDANTS denied the request without any explanation to PLAINTIFF.

58.    PLAINTIFF notified DEFENDANTS' Director of Human Operations that he would not be getting the vaccinated and that he could not compromise his religious convictions. The Dir. Of Human Operations stated that PLAINTIFF'S request would be reviewed and passed on to management.

59.    DEFENDANTS suggested possible accommodations to allow PLAINTIFF to continue doing his job, but then failed to follow up and implement those suggested accommodations.

60.    DEFENDANTS' refusal to accommodate, or even explore any kind of accommodation of PLAINTIFF'S religious beliefs, was a substantial motivating factor in DEFENDANTS' decision to deprive PLAINTIFF of the employment he had enjoyed for 2 ¼ years.

61.    PLAINTIFF suffered significant damages because of DEFENDANTS' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

62.    DEFENDANTS intentionally violated PLAINTIFF'S rights under FEHA with malice or reckless indifference.

63.    PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

damages, attorney's fees, costs to bring suit, a declaration that DEFENDANTS violated PLAINTIFF'S rights under Title VII, and an injunction preventing DEFENDANTS from enforcing their discriminatory policies.

64.     PLAINTIFF is entitled to further relief as more fully set forth below in his Prayer for Relief.

## **FIFTH CAUSE OF ACTION**

### **Wrongful termination in violation of public policy – Common Law Tort Against Defendants**

65.     PLAINTIFF hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

66.     PLAINTIFF was terminated for requesting a religious accommodation in compliance with both Title VII of the Civil Rights Act of 1964, and Cal. Govt. Code § 12900 et seq.

67.     Cal. Govt. Code § 12920 states, "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of race, religious creed."

68.     Cal. Govt. Code §12920 goes on to state, "Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information in housing accommodations is declared to be against public policy."

69.     PLAINTIFF was always relevant herein an employee of DEFENDANTS and covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment based on religion.

70.     PLAINTIFF was a person and an employer for purposes of 42 U.S.C. § 2000e, et seq.

71.     PLAINTIFF was a person and an employee of DEFENDANTS within the

- 9 -

VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]

meaning of FEHA.

72.   DEFENDANTS was always relevant herein an employer of Plaintiff for purposes of FEHA.

73.   PLAINTIFF is a devout follower of Christianity. DEFENDANTS was aware of the sincere religious beliefs PLAINTIFF held.

74.   PLAINTIFF held a deeply religious objection to receiving the COVID-19 vaccine and was denied accommodation although DEFENDANTS recognized that PLAINTIFF had sincerely held beliefs.

75.   PLAINTIFF told DEFENDANTS that he would be willing to adhere to the suggested accommodations mentioned by DEFENDANTS in its COVID-19 Policy distributed September 2021, or accept a position working remotely with his administrative skills.

76.   DEFENDANTS did not provide any of these accommodations that it had suggested, and that PLAINTIFF was willing to adhere to.

77.   PLAINTIFF felt bullied and coerced into getting the COVID-19 vaccine, causing anxiety and stress due to his employer forcing his to choose between his deeply held religious beliefs and his financial livelihood and job.

78.   There were no valid reasons whatsoever for terminating PLAINTIFF'S employment, other than PLAINTIFF requesting accommodation under Title VII and FEHA.

79.   PLAINTIFF'S religious beliefs and practices were therefore a motivating factor in his termination. PLAINTIFF suffered a wrongful termination for exercising his right to seek an accommodation of his truly sincere religious beliefs entitled to his under Title VII and FEHA.

80.   FEHA declares by statute that such unlawful termination is in violation of public policy.

81.   PLAINTIFF suffered significant harm because of DEFENDANTS' unlawful discriminatory actions, including emotional distress, past and future loss of wages and benefits, and the costs associated with bringing this action.

82.   DEFENDANTS intentionally violated PLAINTIFF'S rights under Title VII and

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

FEHA with malice or reckless indifference.

83.     PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that DEFENDANTS violated his rights under Title VII, and an injunction preventing DEFENDANTS from enforcing its discriminatory policies.

84.     PLAINTIFF is entitled to further relief as more fully set forth below in his Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A.     Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

B.     Award PLAINTIFF his front pay, including future wages and benefits;

C.     Award PLAINTIFF other and further compensatory damages in an amount according to proof;

D.     Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

E.     Award PLAINTIFF his reasonable attorney's fees and costs of suit;

F.     Award PLAINTIFF punitive damages.

G.     Enjoin DEFENDANTS from enforcing its discriminatory policies;

H.     Declare that DEFENDANTS has violated Title VII of the Civil Rights Act and FEHA; and

I.     Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

DATED: 12/7/2022                    **PACIFIC JUSTICE INSTITUTE**

                                    By: /s/Michael J. Peffer
                                    MICHAEL PEFFER, ESQ.,
                                    Attorneys for Plaintiff,
                                    RICK LUNDGREN

### DEMAND FOR JURY TRIAL

PLAINTIFF, RICK LUNDGREN hereby demands a jury trial in this matter.

DATED:   12/7/2022                  **PACIFIC JUSTICE INSTITUTE**

                                    By: /s/Michael J. Peffer
                                    MICHAEL   PEFFER,   ESQ.,
                                    Attorneys   for   Plaintiff,
                                    RICK   LUNDGREN

- 12 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

1

## **<u>VERIFICATION</u>**

2      I, Rick Lundgren, am the Plaintiff in the above-captioned matter. I have read

3  the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE

4  VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am

5  familiar with same. The contents are true and accurate and known to me by

6  personal knowledge except for those matters asserted on information and belief. As

7  to those matters, I believe them to be true. I declare under penalty of lying under

8  oath, under the laws of the United States and the State of California, that the

9  foregoing is true and correct. Executed this 6th day of December 2022, in the

10  County of Los Angeles, State of California.

11

12      _____

                    Rick Lundgren

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF
1964 [42 U.S.C. 2000e et seq.]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT ONE (1)**

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/07/2022

**To:** Richard N. Lundgren Jr.
14351 Hortense St.
SHERMAN OAKS, CA 91423
Charge No: 480-2022-00715

EEOC Representative and email:     Todd Mattox
Investigator
Todd.mattox@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
09/07/2022

Christine Park-Gonzalez
Acting District Director

**Cc:**
Debra  Ellwood Meppen
633 West 5th ST 52nd Floor
Los Angeles, CA 90071

Sofia Rogelberg
IVY ACADEMIA ENTREPRENEURIAL CHARTER SCHOOL
5975 Shoup Ave.
WOODLAND HILLS, CA 91367

Michael   Peffer
Pacific Justice Institute
P.O. Box 11630
SANTA ANA, CA 92711


Please retain this notice for your records.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT TWO**

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

Rick Lundgren
14351 Hortense St.
Sherman Oaks, CA 91423
October 11, 2021

Mr. Joe Herzog & Ms. Vickory Steinman
5975 Shoup Ave.
Woodland Hills, CA  91367


Dear Mr. Herzog and Ms. Steinman;

  I wanted to take a few minutes of your time and expand on my answer to the question you both posed to me last week about why I felt that my religious beliefs should excuse me from being included in the mandatory Covid-19 vaccine. While I can appreciate your concerns for the health and safety of your staff, I just wanted to make sure that I was clear in the explanation of my convictions. I was a little taken off-guard at the time of our discussion, (although it was a comfortable and amiable conversation), and wanted to make sure that I had the opportunity to fully articulate why I believe so strongly about it. This way you can have it both for your records as well as for your own personal knowledge.

  Studies have repeatedly shown that the Moderna, Pfeizer, and even Johnson and Johnson vaccines contain a number of ingredients that were derived from cloned human fetal cells, the DNA and RNA of animals, and other ingredients such as Thimerosal, a preservative that contains mercury - a known toxin.

I cling very dearly to the value of human life and believe that life starts at conception, as spelled out in the following:

"For You formed my inward parts; You covered me in my mother's womb. I will praise You, for I am fearfully and wonderfully made; marvelous are Your works and that my soul knows well. My frame was not hidden from You, when I was made in secret, and skillfully wrought in the lowest parts of the earth. Your eyes saw my substance, being yet unformed, and in Your book they all were written, the days fashioned for me, when as yet there were none of them." (Psalm 139:13-16 NKJV)

"Before I formed you in the womb I knew you, before you were born I set you apart; I appointed you as a prophet to the nations." (Jeremiah 1:5 NIV)

I don't believe in the taking of human life to be used as spare parts for experimentation. We all have unique, individual spirits and souls that were created by God in his own likeness, which also aligns with my belief that cloning these same aborted fetal cells is both unethical and immoral. I cannot support putting these cells into my body.

I also do not believe in ingesting or injecting my body with manipulated genetic coding in the form of DNA taken from the life-blood of animals as cited in Leviticus 17:13-14:

 "Any Israelite or any foreigner residing among you who hunts any animal or bird that **may be eaten** *must drain out the blood* and cover it with earth, because the life of every creature is its blood. That is why I have said to the Israelites, "You must not eat *the blood* of any creature, because the life of every creature is it's blood; anyone who eats it must be cut off."

This would include extracting DNA and RNA from an animal's blood and putting it inside my bloodstream. It's unnatural and I don't support it.

"All flesh is not the same flesh: but there is one kind of flesh of men, another flesh of beasts, another of fishes, and another of birds". 1 Corinthians 15:39

  Finally, I *do believe* in taking care of myself, eating healthy, exercising, protecting my blood and my organs. I do believe that I have an immune system, created by God that, if given the proper care, nutrients, and natural supplements, will heal me. This is why I don't believe in knowingly contaminating my blood with toxic metals and other unknown substances that may potentially do me more harm than good.

"Do you not know that your body is a temple of the Holy Spirit within you, whom you have from God? You are not your own, for you were bought with a price. So glorify God in your body." 1 Corinthians 6:19-20

  In conclusion, these are my beliefs which I hold in the highest regard and try my best to live by. The taking of this vaccine does not align with my religious beliefs, which are protected under the 1st amendment of the Constitution of the United States and I hope that the two of you, as well as the board of directors, will not only understand, but also support my freedom to cling to these ideals during this time. I will continue to do my part to follow safety protocols to ensure my own safety as well as the safety of those around me.

  I have no problems discussing this further if need be, now that I have been able to fully express to you in a deliberate and specific way, why I feel that my religious exemption is necessary. I hope I have made this clear and that you will consider this acceptable so that I may continue to work here and continue to support and care for these students.


Sincerely,



Rick Lundgren